NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WILLIE PATERSON,                :

        Plaintiff,     :

    v.                          :
                                   Civil Action No. 04-2332(JWB)
                            :
NEWARK POLICE DEPARTMENT,               **O P I N I O N**
MANUEL J. GARCIA,               :
EILEEN F. COSGROVE,
LT. DEFRANCEE (first name       :
unknown), and
NICOLE S. BERRIAN,              :

        Defendants.    :

**APPEARANCES**:

    WILLIE PATERSON, <u>pro se</u>
    SBI # 452630
    New Jersey State Prison
    P.O. Box 861
    Trenton, New Jersey  08625

    JoANNE Y. WATSON
    Corporation Counsel
    City of Newark
    By:  Gary S. Lipshutz
         Assistant Corporation Counsel
    920 Broad Street
    Newark, New Jersey  07102
    (Attorney for Defendants
    City of Newark (improperly pleaded as
    Newark Police Department) and
    Manual Garcia)

```
ZAZZALI, FAGELLA, NOWAK,
 KLEINBAUM & FRIEDMAN
By:  Colin M. Lynch, Esquire
One Riverfront Plaza
Newark, New Jersey  07102
(Attorneys for Defendants
Eileen Cosgrove, Patrick DeFrancisci
(improperly pleaded as Lt. DeFrancee),
and Nicole Berrian)
```

**BISSELL,** Chief Judge

This matter comes before the Court on Defendants' motion for summary judgment.

## FACTS AND BACKGROUND

This opinion will rely on the facts and background presented in this Court's June 21, 2004 Opinion.  See Peterson v. Newark Police Department et al., 04-2332 (JWB) (Opinion). Additional facts presented here will be appropriately cited.

Plaintiff Willie Peterson ("Plaintiff" or "Mr. Peterson") brought this action on May 12, 2004.  On June 21, 2004, this Court held that it would allow Plaintiff's malicious prosecution claim to proceed.  See id.  This Court dismissed with prejudice all remaining claims brought by the Plaintiff for failure to state a claim, as they were time-barred.  Thereafter, on June 7, 2005, Defendants Manuel J. Garcia ("Garcia") and the City of Newark ("Newark") filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56.  The next day, Defendants Eileeen Cosgrove ("Cosgrove"), Nicole Berrian ("Berrian") and Patrick Defrancisci ("Defrancisci") brought a separate motion for summary judgment

pursuant to Fed. R. Civ. P. 56.  On July 19, 2005, Mr. Peterson opposed these motions for summary judgment and also made a motion for the appointment of pro bono counsel.

## DISCUSSION

### I. Standard for Summary Judgment Motion pursuant to Rule 56

Fed. R. Civ. P. 56(c) provides that summary judgment should be granted "if pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Kreschollek v. Southern Stevedoring Co., 223 F.3d 202, 204 (3d Cir. 2000).  In deciding a motion for summary judgment, a court must construe all facts and inferences in the light most favorable to the nonmoving party.  See Boyle v. Allegheny Pennsylvania, 139 F.3d 386, 393 (3d Cir. 1998).  The moving party bears the burden of establishing that no genuine issue of material fact remains.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The Supreme Court has stated that in evaluating a defendant's motion for summary judgment:

> [t]he judge must ask . . . not whether . . . the evidence unmistakably favors one side or the other but whether a fair-minded jury could return a verdict for the plaintiff on the evidence presented.  The mere existence of a scintilla of evidence in support of the

>     plaintiff's position will be insufficient;
>     there must be evidence on which the jury could
>     reasonably find for the plaintiff.  The
>     judge's inquiry, therefore, unavoidably asks
>     whether reasonable jurors could find by a
>     preponderance of evidence that the plaintiff
>     is entitled to a verdict . . . .

Anderson, 477 U.S. at 252.  A fact is "material" only if it will affect the outcome of a lawsuit under the applicable law, and a dispute over a material fact is "genuine" if the evidence is such that a reasonable fact finder could return a verdict for the nonmoving party.  See id.

Only evidence that would be admissible at trial may be used to test a summary judgment motion; evidence with a deficient foundation must be excluded from consideration.  See Blackburn v. United Parcel Service, Inc., 1999 WL 360546 (3d Cir. 1999).  In order to survive a motion for summary judgment, the non-moving party must present more than a mere scintilla of evidence in his favor.  Id.  The non-moving party "cannot simply reallege factually unsupported allegations contained in his pleadings." Anderson, 477 U.S. at 249; see also Clark v. Clabaugh, 20 F.3d 1290, 1294 (3d Cir. 1994).

**II.  Analysis**

Mr. Peterson's malicious prosecution claim arises from his arrest for receipt of stolen property in violation of N.J.S.C.

2C:20-7(a).[1]  The Defendants' motions for summary judgment are based on the contention that Mr. Peterson's claim for malicious prosecution must fail because the facts do not support a prima facie claim of malicious prosecution under 42 U.S.C. § 1983 ("§ 1983").  This Court agrees with the Defendants.

To establish a claim of malicious prosecution under § 1983, a plaintiff must show that:

> (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.

Camiolo v. State Farm Fire and Cas. Co., 334 F.3d 345, 362-63 (3d Cir. 2003) (citing Estate of Smith v. Marasco, 318 F.3d 497, 521 (3d Cir. 2003)).  According to the Third Circuit, probable cause means "facts and circumstances ... that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense."  Id. (citing Michigan v. DeFillippo, 443 U.S. 31, 37 (1979)).  Furthermore, "a grand jury indictment or presentment constitutes prima facie

---

[1] While Mr. Peterson was also arrested for homicide, he specifically notes that he "is not claiming that he was being maliciously prosecuted for the homicide arrest."  Pl.'s Br. at 6. Therefore, Defendants' arguments in reference to the homicide prosecution will not be considered.

evidence of probable cause to prosecute, but that this prima facie evidence may be rebutted by evidence that the presentment was procured by fraud, perjury or other corrupt means." Id. (referring to Rose v. Bartle, 871 F.2d 331, 353 (3d Cir. 1989)).

In this case, Plaintiff has failed to establish the elements necessary to prove a § 1983 malicious prosecution claim. First, Defendants Newark and Garcia were not involved in Mr. Peterson's arrest or prosecution for the receipt of stolen property violation.[2] To the contrary, it was the Village of South Orange that issued the warrant for Mr. Peterson's arrest for the stolen property violation. See Def. Newark & Garcia Br. at 10.

Furthermore, the same holds true with regard to Defendants Berrian and Defrancisci. Neither Berrian nor Defrancisci "participated in the investigation of the plaintiff for receipt of stolen property." See Def. Cosgrove, Berrian & Defrancisci Br. at 12. Berrian and Defrancisci were not involved in "procuring the arrest warrant issued by the South Orange Police Department in connection with [the receipt of stolen property] charge, or [] in any way participated in the plaintiff's indictment by an Essex County grand jury in connection with this charge." Id. Based on the foregoing, this Court finds that Mr. Peterson cannot make out a prima facie case of malicious

---

[2] Newark and Garcia's involvement in Mr. Peterson's arrest was solely related to the homicide violation. See Def. Newark & Garcia Br. at 3.

prosecution under § 1983 because he cannot prove the first element: that Defendants Newark, Garcia, Berrian and Defrancisci initiated the criminal proceeding for the receipt of stolen property charge.

Mr. Peterson's malicious prosecution claim must also fail as to Defendant Cosgrove.  In this case, Cosgrove was acting within the scope of her employment as a prosecutor and she therefore is entitled to immunity from a civil suit under § 1983.  See Imbler v. Pachtman, 424 U.S. 409, 431 (1976) (holding that "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983").  It should also be noted that Defendant Cosgrove did not initiate the criminal proceeding for the receipt of stolen property charge.  Hence, Mr. Peterson's malicious prosecution claim must fail as to Defendant Cosgrove for two different reasons: (1) Cosgrove is entitled to immunity from suit under § 1983, and (2) Mr. Peterson cannot prove the necessary first element of a malicious prosecution claim as to Cosgrove.  For these reasons, Mr. Peterson's malicious prosecution claim must fail.

The Court notes that while Mr. Peterson may attempt to amend his Complaint to include other defendants, this attempt would be futile.  Mr. Peterson could not make out a malicious prosecution claim against the South Orange Police Department and others

involved in his arrest and subsequent criminal proceedings for the receipt of stolen property charge.  The Essex County grand jury returned an indictment on that charge.  As stated previously, "a grand jury indictment or presentment constitutes prima facie evidence of probable cause to prosecute."  <u>Camiolo</u>, 334 F.3d at 63.  In this case, the grand jury indictment constitutes such prima facie evidence of probable cause and Mr. Peterson has not provided any evidence that would rebut that presumption.  For that reason, any malicious prosecution claims brought by Mr. Peterson with regard to the receipt of stolen property charge must fail.  Therefore, this Court will grant Defendants' motions for summary judgment with prejudice.

    Moreover, with the granting of Defendants' summary judgment motion on grounds that are unassailable, Mr. Peterson's claims have been conclusively adjudicated against him.  Therefore, appointment of pro bono counsel is not warranted.

**CONCLUSION**

For the foregoing reasons, the Defendants' motions for summary judgment as to the malicious prosecution claim are GRANTED with prejudice and Mr. Peterson's application for pro bono counsel is DENIED.  This action is now dismissed in its entirety.

/s/    John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court


DATED:  August 24, 2005